IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,              )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )              No.  08-10229-01-WEB
                                        )
DARREL LEE FERGUSON,                    )
                                        )
                    Defendant.          )
_____        )

**Memorandum and Order**

This matter came before the court on May 11, 2009, for a hearing on the defendant's

motion to withdraw his plea of guilty, his objections to the Presentence Report, and for

sentencing.  The court ruled orally on these matters at the May 11th hearing.  This written

memorandum will supplement the court's oral ruling.

I. *Background*.

The defendant Darrel Lee Ferguson was arrested upon a complaint and made his first

appearance on December 12, 2008.  Assistant Federal Public Defender John Henderson was

appointed to represent him.  On December 17, 2008, a three-count Indictment was filed charging

the defendant with knowingly and intentionally possessing with intent to distribute

approximately 120 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2; knowingly possessing firearms after having been convicted of a

felony, in violation of 18 U.S.C. § 922(g); and knowingly possessing two unregistered

destructive devices, in violation of 26 U.S.C. § 5861(d).  Doc. 11.

After a hearing, the Magistrate ordered that the defendant be detained pending trial.  The

Magistrate considered alternatives to detention, given that the defendant has had both legs

amputated (due to Peripheral Arterial Disease) and is confined to a wheelchair, but concluded that his release would pose a danger to the community.  Doc. 19.  On December 31, 2008, the court scheduled a status/motions hearing and set the trial date for February 24, 2009.   The defense subsequently filed a motion to continue, which was granted.  Doc. 23.  A status/motions hearing was then scheduled for March 13 and the trial date was continued to March 17, 2009. The defendant subsequently filed a motion to reconsider his detention, which the Magistrate denied.  Doc. 27.

The defendant appeared for a change of plea hearing on March 17, 2009.  Just prior to the hearing, defense counsel informed the court that the parties were still discussing the plea agreement.  The hearing was delayed until the court was informed that the parties were ready to proceed.  When the hearing reconvened, the defendant executed and submitted a Petition to Enter a Plea of Guilty to Count 1 of the Indictment and his Plea Agreement with the Government.  The court examined the defendant under oath at the Rule 11 hearing to ensure that his plea of guilty was made knowingly and voluntarily and that he understood the terms of the plea agreement.  Among other things, the court reviewed with the defendant the nature of the charge, the factual basis for the plea, the possible penalties, the constitutional rights the defendant would be giving up by pleading guilty, and the terms of his plea agreement.  The court warned the defendant he would not be able to withdraw his plea of guilty at a later date.  The defendant assured the court, under oath, that he understood the charge, that he wanted to plead guilty, and that he was guilty of the offense.  He represented that he possessed approximately 120 grams of a methamphetamine mixture with the intent to distribute it.  The defendant entered a plea of guilty to Count 1, and a sentencing hearing was scheduled for June 1, 2009.

On March 20, 2009, the defendant filed a motion to reconsider his detention.  The motion asserted that the defendant was frustrated with the lack of accommodations at the county jail and the lack of treatment facilities.  Doc. 34. On April 1, 2009, the court granted a request for special visitation by a psychologist.  Doc. 36.  On April 3, 2009, following a hearing, the court denied the defendant's motion for release.  The court, with the concurrence of the defense, agreed to advance the sentencing date to May 4, 2009.  Doc. 37.

On April 14, 2009, the defendant filed a motion to withdraw his plea of guilty.  The motion alleged that the defendant:

> [h]as since reflected on the information contained in the Pre-Sentence Report and is concerned that the facts set forth in the report, and which formed the basis of the plea agreement, are not correct.  Specifically, the amount of methamphetamine which he was responsible for was limited to the one ounce in the bag around his neck which he possessed for personal use.  The remainder was left in his house by another person, also known to law enforcement, without Mr. Ferguson's knowledge.  Therefore, Mr. Ferguson denies that he possessed 120 grams of methamphetamine which were intended for distribution.

Doc. 38 at 2.

A revised Presentence Report was subsequently prepared.  The revised report, in addition to finding the defendant responsible for 37.91 grams of actual methamphetamine and 18.62 grams of a methamphetamine mixture (the combined total giving rise to a base offense level of 30), also found that he was subject to a 2-level increase for possession of a firearm, that he was not entitled to any reduction for acceptance of responsibility, and that he was subject to a 2-level enhancement for obstruction of justice.  The defendant has filed objections to these findings.

At the hearing on May 11, 2009, the defense called three witnesses to testify: Officer Brad Burmaster of the Oberlin, Kansas, police, who assisted in the execution of a search warrant

on the defendant's house on November 1, 2008; Officer Troy Haas of the Oberlin police, who also participated in the search; and the defendant, Darrel Ferguson.

Among other things, the officers described where various items of evidence were found in the defendant's residence when the search warrant was executed.  Prior to the search, the officers were aware that a confidential information had purchased methamphetamine from the defendant.  When officers entered the house, the defendant was in his wheelchair inside the only bedroom on the main floor of the house.  Officers later found the defendant's Social Security card in that bedroom, as well as a safe containing personal items belonging to the defendant.  The defendant was found with a backpack around his neck containing three bags with a total of 37.62 grams (51% pure) of a methamphetamine mixture.  Several other bags with methamphetamine were found in the same bedroom, including in a drawer under the bed (18.62 grams, 7% pure), on a dresser (15.98 grams, 41% pure), and in a night stand (27 grams, 44% pure).  Officers also saw a semiautomatic gun out in the open on the floor by Mr. Ferguson.  They found an SKS rifle in the closet, a .22 semi-automatic handgun in the dresser, and a loaded handgun right outside the bedroom door on a computer stand.   A small bag containing methamphetamine was also laying on the kitchen floor of the house.  Co-defendant Kevin Smith also lived in the house in an upstairs bedroom.  Smith was arrested outside the house with a small bag of methamphetamine        The defendant Darrel Ferguson testified, among other things, that the bedroom where the officers found him was not his; that he knew he had some methamphetamine in a backpack around his neck (although he said he thought it was only an ounce) but that was for his own person use; that he did know methamphetamine was located in various other places in the bedroom; that he did not know where the other methamphetamine

4

came from, but it was "probably" from Joey Ramsey (whose wallet was found in the bedroom) or Kevin Smith; that there were other people who used this bedroom at various times; that he did not know there was a gun on the floor at the time of the search – a gun he said had "evidently" been left there by a friend who didn't want her husband around it; and that an SKS rifle found in the closet was collateral on a "drug deal that went bad," but he thought Joey Ramsey had removed that gun from the house.

II. *Motion to Withdraw Plea of Guilty*.

Rule 11(d) of the Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty before sentence is imposed if the "the defendant can show a fair and just reason for the withdrawal." The burden is on the defendant to establish a "fair and just reason." *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000).

In determining whether the defendant has demonstrated a fair and just reason, the court considers a number of factors, including: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005).

The defendant has now asserted his innocence. At the time of his plea of guilty, he assured the court – under oath – that he was guilty of the offense. He now states directly to the contrary. His explanation for the inconsistency is unclear and unconvincing. The court notes that the factual basis cited by the Government fully supports the plea of guilty previously entered

by the defendant.  As for prejudice, the Government has not specifically cited any evidence that would be lost due to withdrawal of the plea, but the Government would suffer some loss of resources if the motion were granted.  The court notes that the defendant delayed the filing of his motion until after he saw the Presentence Report, under circumstances which suggest that he is dissatisfied with the amount of prison time he is facing.  The withdrawal of the plea would result in some (although not insurmountable) inconvenience to the court.  As for the assistance of counsel,  the court finds the defendant has been provided with the assistance of counsel every step of the way, and that he has communicated closely with his lawyer throughout the proceedings.  His attorney has filed a number of motions in the case at his behest and on his behalf.  Most significantly, the court is satisfied beyond any question that the defendant entered into his plea of guilty knowingly and voluntarily, fully aware of what he was admitting and the consequences of doing so.  The plea of guilty was and is fully supported by the factual basis in the record.  Finally, the court concludes that allowing the withdrawal of the plea of guilty at this point would result in a substantial waste of judicial resources.  In sum, after considering all the circumstances, the court finds that the defendant has failed to show a fair and just reason for requesting the withdrawal.  The motion will therefore be denied.

III.  *Objections to the PSR*.

The defendant has filed four objections to the Presentence Report.

1.  <u>Base offense level</u>.  The defendant "admits to possessing one ounce of methamphetamine for personal use but otherwise denies possession of the methamphetamine found in the house during the search."

The evidence presented showed that when the search warrant was executed by law

6

enforcement officers, methamphetamine was found throughout the bedroom where the defendant was located.  The evidence shows that the bedroom was likely used by the defendant on a regular basis, and that he was aware of the contents of the room, including the methamphetamine found in a bag around his neck, near the bed, in the night stand, and in a dresser.  The defendant's testimony that he did not know about any of the methamphetamine other than what was on his person, and his suggestion that someone else left the drugs there without his knowledge, are not credible, and are contrary to the weight of the evidence.  Based on the evidence presented and the record, the court finds that PSR ¶ 29 correctly calculated the base offense level, and that the defendant knowingly possessed with intent to distribute over 37 grams of actual methamphetamine as well as more than 18 grams of a mixture containing methamphetamine.

2.  Enhancement for firearm.  Defendant next objects to the 2-level enhancement in PSR ¶ 30 for possession of a dangerous weapon.

Section 2D1.1(b)(1) of the Guidelines provides a two level enhancement if a dangerous weapon (including a firearm) was possessed.  The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* § 2D1.1 cmt. n. 3. "The government bears the initial burden of proving possession by a preponderance of the evidence ." *United States v. Smith*, 131 F.3d 1392, 1400 (10th Cir. 1997). To meet this burden, the government need only show "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1185 (10th Cir. 2004).  If possession is established, the burden shifts to the defendant to show that it is clearly improbable the weapon was connected with the offense. *Id.*

The evidence presented clearly establishes that the defendant knowingly possessed several firearms, that they were present in the same place and at the same time the offense took place, and that the possession of the weapons was connected to the defendant's drug trafficking offense.  The enhancement is appropriate in this case.

3.  Acceptance of Responsibility.  Defendant objects to the PSR's determination that no reduction should be given for acceptance of responsibility.

The record, including the testimony now before the court, shows that the defendant has made conflicting statements and has falsely denied his involvement in the offense and frivolously contested relevant conduct.  As the Government argues, in such circumstances it is no longer bound by the plea agreement to recommend any reduction for acceptance of responsibility.  The court concludes the defendant has not clearly demonstrated acceptance of responsibility for his offense and it not entitled to any reduction under USSG 3E.1.1.  The defendant's conduct and statements subsequent to the entry of his guilty plea outweigh the steps he took to admit his offense and show that he is not entitled to the adjustment.

4.  Obstruction of Justice.  The PSR recommends a 2-level enhancement for obstruction of justice.

A 2-level enhancement applies under USSG 3C1.1 if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution or sentencing of the offense of conviction.  USSG ¶ 3C1.1.  The conduct covered by this enhancement includes providing materially false information to a judge.

After fully admitting his offense under oath, the defendant has attempted to avoid responsibility for the offense by providing information, to the court, that the court finds to be

8

materially false.  The defendant's assertions, which have now been supplemented by his testimony under oath at the May 11th hearing, are false and frivolous.  The defendant's denial of knowledge of the methamphetamine found throughout the bedroom, his denial of knowledge that the firearms were in the house, and his attempts to blame others for the offense conduct, are all part of what the court concludes is a willful attempt to obstruct the sentencing on his offense. Under the circumstances, the court concludes that the enhancement is warranted.

IV.  *Section 3553(a).*

Section 3553(a) provides in part that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:-the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) any pertinent policy statement issued by the Sentencing Commission (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The advisory guideline range for imprisonment in this instance is 168-210 months.

Based on the factors set forth above, the court concludes that a sentence of 150 months is sufficient but not greater than necessary to meet the purposes of sentencing.  The instant offense was serious, and involved both the possession of controlled substances and firearms.  The defendant was previously convicted of a drug offense (in 2005) and was given a one year sentence in that case, but he subsequently resumed his drug trafficking.  A 150-month confinement sentence, together with the other terms and conditions of sentencing stated at the hearing, will be sufficient to provide just punishment for the offense, to protect the public from further crimes of the defendant, and to afford adequate deterrence.  The sentence will allow the defendant to receive adequate medical care through the Bureau of Prisons.  The sentence imposed will also avoid unwarranted disparity as compared to other defendants convicted of similar offenses.

      V.  *Conclusion*.

      The defendant's Motion to Withdraw His Plea of Guilty (Doc. 38) is DENIED. Defendant's objections to the Presentence Report are also DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this  13th  Day of May, 2009, at Wichita, Ks.

                    s/Wesley E. Brown
                    Wesley E. Brown
                    U.S. Senior District Judge